## STATE *versus* HENRY L. CROWELL.

The act of 1846, c. 205, was designed to restrict the sale of wine, brandy, rum or other spirituous liquors, or liquors a part of which is spirituous, whether manufactured in *this* or in any *other* country.

With *two* exceptions, it *prohibits* absolutely the sale of *any* and *all* of such liquors, for *any* and *every purpose,* and in *any* and *every quantity,* great or small.

One of the exceptions authorizes sales by certain persons, appointed therefor, and placed under bonds and penalties for their faithfulness.

The other exception authorizes sales of liquors, imported from any foreign port or place, but *only* by quantities, as large or larger than the quantities which revenue laws allow to be imported.

This exception, therefore, does not authorize any sale of *domestic* liquor, in *any quantity whatever.* And it authorizes the sale of *foreign* liquor only in *prescribed quantities.*

If, therefore, a complaint allege a sale to have been made in a *less* quantity, it need not specify whether the liquor *was* or *was not* imported. For such sale of either would be an offence; and the penalty for each is the same.

EXCEPTIONS from the District Court, RICE, J.

This is a complaint charging, that defendant, without license, sold spirituous liquor to J. R. in less quantity than the revenue laws of the United States prescribe for importation, viz : — one glass of New England rum.

The defendant, before trial, moved the Court to quash the complaint, —

1st. Because it does not appear, in and by said complaint, that the liquor alleged to have been sold was not imported into this country from any foreign port or place.

2d. Because it does not appear, in or by said complaint, that said liquor, alleged to have been sold by the defendant, was imported into this country from any foreign port or place.

3d. Because it does not appear, in or by said complaint, with sufficient certainty, that the sale, if any, was in less quantity than the revenue laws of the United States prescribe for the importation of New England rum into this country.

4th. Because the offence, if any, is not set forth in said complaint with sufficient certainty.

5th. Because it is not set forth, in or by said complaint,

whether said liquor was imported into this country from any foreign port or place.

But the Court overruled the objection, and the motion. The defendant then plead not guilty to said complaint. The jury found the defendant was guilty, and answered the following interrogatory, propounded to them in writing, in the manner following : —

" Was the spirituous liquor, sold by the defendant, imported into this country from any foreign port or place ?"

" Ans. The jury are unable to determine."

The defendant's counsel moved in arrest of judgment. The *Court refused the motion, and the defendant excepted.*

*Whitmore,* for defendant.

The statute defines two distinct offences and attaches the same penalty to each.

The first section prohibits the sale of any quantity of spirituous liquor, however large, without a license.

The second section qualifies and limits the first section, and permits the sale of spirituous liquor, which has been imported into this country, in quantities not less than the minimum quantity permitted to be imported.

Each of these offences should be charged in a distinct and appropriate count. 1 Chit. Crim. Law, page 249 ; *Rex* v. *Clendon,* 2 Str. 270 ; *State* v. *Howe,* 1 Richardson's R. 260.

A count which might be sufficient to charge the defendant with selling spirituous liquor not imported, would be evidently defective, as a count charging the defendant with selling imported liquor.

The count in this complaint, (if it shall be considered as a count, charging the defendant with selling liquor not imported,) is defective, because it is not alleged therein, that it was not imported from any foreign port or place.

It is defective, as a count charging the defendant with selling liquor imported : —

1st. Because it does not allege that it was *imported* liquor.

2d. Because it does not set forth the minimum quantity of

New England rum allowed to be imported, and negatives in specific terms, the fact that one glass was a part of this minimum quantity.

The jury erred in finding a verdict of guilty, when they were unable to find whether the liquor was imported or not.

*Tallman,* Attorney general, for the State.

WELLS, J. — The defendant, before the trial, moved the Court to quash the complaint, because it did not appear by it, that the spirituous liquor alleged to have been sold, was not imported into this country from any foreign port or place, that it did not appear that it was imported, nor that the sale was in less quantities than the revenue laws of the United States prescribe, and that the complaint did not set forth the offence with sufficient certainty.

The jury found the defendant guilty, and in answer to an interrogatory propounded to them, in writing, stated, that they were unable to determine whether the spirituous liquors sold by the defendant, were imported or not.

The defendant, after verdict and before judgment, moved the Court to arrest the judgment.

The act of 1846, c. 205, § 1 and 2, prohibits the sale of spirituous liquors, but does not extend to such as have been imported, when not sold in less quantities than the revenue laws prescribe, for the importation into this country.

The intention of the statute is to forbid the sale, without a license, of domestic spirituous liquors, in any quantity, and of foreign spirituous liquors in any less quantity, than is allowed to be imported by the laws of the United States.

If then, a person should sell spirituous liquors of any kind, whether foreign or domestic, in less quantity than is allowed to be imported, he falls within the prohibition of the act. And it is unnecessary to allege in the complaint, whether they are foreign or domestic ; for the person selling violates the law in either case, if the quantity sold is less than what is allowed to be imported.

The complaint charges the defendant with having sold spirituous liquor in less quantity than the revenue laws of the United

States prescribe, for the importation thereof into this country, to wit, one glass of New England rum. The selling of such quantity is prohibited by the statute, and the complaint contains allegations by which a breach of it is clearly declared.

It is not alleged in the complaint what quantity is the least that may be imported, but it follows the language of the act, and such mode of stating the offence is sufficient.

The defendant having been found guilty, it is to be presumed that all the facts requisite to establish his guilt were proved, and that correct instructions were given to the jury, in relation to the least quantity of spirituous liquors, which might be imported, as no exceptions have been taken to the instructions.

The act of Congress of 1799, chap. 128, § 103, prohibits the importation of distilled spirits, arrack and sweet cordials excepted, into the United States, except in casks or vessels of the capacity of ninety gallons, wine measure, and upwards.

It being immaterial whether the liquor sold was foreign or domestic, as it was less than the quantity allowed to be imported, the answer of the jury to the written interrogatory can have no legal effect upon the case.

*The exceptions are overruled, and the case*
*is remanded to the District Court.*